UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X

Yuri Kuklachev, Dmitri Kuklachev,

                        Plaintiffs,

                                                       08-CV-2214 (CPS)

    - against -

Mark Gelfman, Gelfman International
Enterprises, Inc., Yanis Gelfman et al.,    MEMORANDUM OPINION
                                                    AND ORDER

                        Defendants.

-------------------------------------X

SIFTON, Senior Judge

    Yuri Kuklachev and Dmitri Kuklachev ("plaintiffs") commenced this action against defendants Mark Gelfman, Gelfman International Enterprises, Inc. ("Gelfman Inc."), Tribeca Performing Arts Center, Ticketmaster.com, Palace of Fine Arts, Wilkins Theatre at Kean University, Onlineseats.com, Yanis Gelfman, Vladimir Krasnolozhkin, Vladimir Anisimov, Dmitry Krassotkine, John Hancock Hall, Gwinnett Center, Napa Valley Opera House, LA's Wilshire Ebell's Theatre, Seattle Repertory Theatre, Yuri Potoski, Michael Zlotnikov, Andrey Yankovis, Stanislav Nemoy, other as yet unknown persons and companies, and the State of New Jersey, on June 2, 2008. Plaintiffs assert claims of federal and common law trademark infringement, false endorsement, unfair competition, false designation of origin, dilution of a famous trademark, cybersquatting, violation of rights of publicity and privacy, fraud, conversion, prima facie tort, and unjust enrichment. Now before the court is

Plaintiff's motion to permit alternative service of process on defendants Vladimir Anisimov ("Anisimov") and Vladimir Krasnolozhkin ("Krasnolozhkin") (collectively "defendants"), who reside in the Russian Federation, pursuant to Fed.R.Civ.P. 4(f)(3) ("Rule 4(f)(3)"). Plaintiffs request permission to serve Anisimov and Krasnolozhkin through their employer, Gelfman Inc., or through James F. Woods ("Mr. Woods"), counsel to Gelfman Inc., by Federal Express or hand delivery. For the reasons set forth below, the plaintiff's motion is denied.

**Background**

The following facts are taken from the plaintiffs' submission in connection with this motion and from prior decisions of this court.

Plaintiffs are world-renowned clowns who are the founders of the world's only Moscow Cats Theater, where cats are the main performers. Plaintiffs' theater was founded in 1990 and is located in Moscow. Plaintiffs have toured the world and are well known in many countries. Defendants have promoted, disseminated, and collected significant revenues from a "copycat" performance under the name of plaintiffs' theater, using plaintiffs' images and materials. Defendants Anisimov and Krasnolozhkin were the clowns in these performances. They now reside in Russia. Defendant Gelfman Inc., with the help of Anisimov and Krasnolozhkin and other defendants, set up a tour that marketed

this performance.

On June 26, 2008, Plaintiffs sought the Court's permission to effectuate service of process under Fed.R.Civ.P. 4(f)(3), which permits the court to order service on an individual in a foreign country "by other means not prohibited by international agreement," on defendants Anisimov and Krasnolozhkin, who reside in Russia, by mailing a copy of the summons with complaint to their addresses in Russia. The Court denied this application, because Russia did not agree to adopt Article 10(a) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Convention"), which permits service by mail.[1] July 2, 2008 Order, citing *RSM Production Corp. v. Fridman.*, 2007 U.S. Dist. LEXIS 58194 *2 (S.D.N.Y. May 24, 2007), (denying request of plaintiff to serve second defendant by mail). Plaintiffs now move the Court to order a different form of alternative service under Rule 4(f)(3), requesting that they be permitted to serve defendants Anisimov and Krasnolozhkin through Gelfman Inc. or Mr. Woods.

**Discussion**

Plaintiffs state that they are unable to serve defendants in Russia, due to Russia's failure to comply with the Hague

---

[1] *See* http://www.hcch.net/index_en.php?act=conventions.statusprint&cid=17 for Russia's declarations pertaining to the Hague Service Convention.

Convention.[2] The Hague Convention sought to establish simpler ways of serving process abroad and to ensure that defendants sued in foreign jurisdictions receive actual and timely notice of suit. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698, 108 S. Ct. 2104; 100 L. Ed. 2d 722 (1988). The Hague Convention provides for several alternate methods of service: (1) service through the Central Authority of member states; (2) service through consular channels; (3) service by mail if the receiving state does not object; and (4) personal service. *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005), citing the *Hague Service Convention*, Arts. 5, 6, 8, 9 & 10. Both the Russian Federation and the United States are parties to the Hague Service Convention. *See* http://travel.state.gov/law/info/judicial/judicial_3831.html (Russia Judicial Assistance), last visited September 23, 2008.

---

[2] Russia, although a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, [1969] 20 U.S.T. 361, T.I.A.S. No. 6638 has suspended cooperation with the United States due to a dispute over whether the United States may seek reimbursement for the costs of effecting service. *See* http://travel.state.gov/law/info/judicial/judicial_3831.html (Russia Judicial Assistance), last visited September 23, 2008.
   Here it is important to distinguish between two actions that Russia has taken with respect to the Hague Convention that are relevant to this case. The first is that Russia has objected to Article 10, which permits service by mail. The second is that Russia is refusing to transmit service requests through its Central Authority, which is the mechanism designated under the Convention for effecting service. In *Arisa Records LLC v. Media Services LLC*, 2008 U.S. Dist. LEXIS 16485 (S.D.N.Y. 2008), the Court found that when plaintiffs had tried to serve defendant in accordance with Russian law, and defendant had objected that plaintiffs must go through the Central Authority, Russia's refusal to transmit service requests warranted granting an alternative method of service. *Arisa Records* offers precedent for permitting alternative service due to Russia's failure to abide by the Convention, but does not change the fact that Russia does not agree to service by mail.

In *Volkswagenwerk*, the Supreme Court decided that "[i]f the internal law of the forum state defines the applicable method of serving process as requiring the transmittal of documents abroad, then the Hague Service Convention applies." *Id.* at 700. If the forum state does not require transmittal abroad in order to complete service, then the Hague Convention does not apply. *Id.* at 707. Service must also comply with Due Process, which requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 705; *see also Luessenhop v. Clinton County, New York*, 466 F.3d 259, 269 (2d Cir. 2006) (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). The *Volkswagenwerk* Court found that Illinois's long-arm statute authorized substituted service on the subsidiary of a foreign corporation located inside the United States, which is how plaintiffs had served defendants. Because there was no foreign transmittal required, the Convention did not apply. *Id.*

The Hague Convention does not apply in this case. Plaintiffs seek to serve defendants Anisimov and Krasnolozhkin by serving papers on Gelfman Inc. or its attorney in New York. New York law does not require the transmittal of papers abroad in order to complete personal service on defendants situated abroad. *See* NY CLS CPLR § 313 (stating that a person may be served with

the summons outside of the state in the same manner as service is made within the state, making no reference to the transmittal of papers).

Although the Hague convention does not apply in this case, plaintiffs are not entitled to an alternative method of service under Fed.R.Civ.Pro. 4(f)(3). Rule 4(f) establishes procedures by which an individual "may be served at a place not within any judicial district of the United States." Fed.R.Civ.Pro. 4(f). Plaintiffs wish to serve process within the United States. The applicable Federal Rule is Rule 4(e), which states that a person may be served within a judicial district of the United States by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;
> (2) or... delivering a copy of the summons and complaint to the individual personally; leaving a copy at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.Pro. 4(e). If the various methods of process listed in Rule 4(e)(2) cannot be carried out, plaintiff must look to state law for authorization of an alternative method of process.[3]

---

[3] A recent district court opinion addressing the issue of serving a person located in the Russian federation by means of alternative service granted the plaintiffs' request to serve defendants through their attorneys without conducting the state law analysis. *See RSM Prod. Corp. v. Fridman*, 2007 U.S. Dist. LEXIS 58194 (S.D.N.Y. August 10, 2007). In *Fridman*, the court rejected an argument from defendant that service under Rule 4(f)(3) was improper because service upon his domestic agent could only be effected under Rule 4(e)(2). The court stated, somewhat perplexingly, that "Rule 4(f)(3) permits service to be effected on [defendant] 'in a place not within any judicial district of the United States' through 'means not prohibited by international agreement as may be directed by the court.' Rule 4(f)(3) does

Plaintiffs have indicated that they are unable to effect service of process by means of conventional methods. However, under New York law, plaintiffs have not made the requisite showing that would permit them to serve the defendants in the requested manner. Section 308 of New York's Civil Practice Law and Rules states that personal service upon a natural person shall be made by any of five methods: (1) personal delivery, (2) delivery to a person of suitable age and discretion and mailing the summons, (3) delivering the summons to the agent for service, (4) affixing the summons to the door of the actual place of business, dwelling place, or usual place of abode of the person to be served and by mailing the summons; (5) in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two, and four of the section. NY CLS CPLR § 308.

Plaintiffs cite § 308 (5), stating that because "traditional service is impossible," they request that the Court direct alternative service. Section 308 (5) vests a court with the discretion to direct an alternative method of service of process when it has determined that the methods set forth in CPLR 308 (1), (2) and (4) are 'impracticable'. *See State St. Bank & Trust*

---

not limit those means to the foreign transmittal of documents." *Id*. at *16. *Fridman* applied Rule 4(f)(3) to authorize alternative service, rather than looking to Rule 4(e), which applies to service upon persons within the United States and does not contain a catchall provision allowing the court to fashion a method of service.

*Co. v. Coakley*, 790 N.Y.S.2d 412, 413 (Ny. App. Div. 2005). "Although the impracticability standard is not capable of easy definition," *Markoff v South Nassau Community Hosp.*, 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (Sup. Ct. 1983), aff'd 61 N.Y.2d 283, 461 N.E.2d 1253, 473 N.Y.S.2d 766 (1984), it does not require the applicant to satisfy the more stringent standard of 'due diligence' under CPLR 308 (4), or to make a showing that "actual prior attempts to serve a party under each and every method provided in the statute have been undertaken." *Astrologo v Serra*, 240 A.D.2d 606, 659 N.Y.S.2d 481 (1997), quoting *Kelly v Lewis*, 220 A.D.2d 485, 632 N.Y.S.2d 186 (1995); see *Dobkin v Chapman*, 21 N.Y.2d 490, 236 N.E.2d 451, 289 N.Y.S.2d 161 (1968). However, a plaintiff requesting expedient service "must make some showing that the other prescribed methods of service could not be made and, without such a showing, fundamentally, a court is without power to direct expedient service." *David v. Total Identity Corp.*, 2008 NY Slip Op. 3749; 50 A.D.3d 1484; 857 N.Y.S.2d 380 (App. Div. 4th Dept. 2008)(internal citations and quotations omitted).

Plaintiffs have not made the proper showing that the other available methods of service cannot be made. Russia has objected to Article 10 of the Hague Convention, which permits service by mail, therefore eliminating § 308(2) and § 308(4) as options. Plaintiffs say nothing regarding whether there is an agent

appointed by defendants for service of process, nor have they discussed the possibility of serving defendants personally in Russia, which is permitted by both the Hague Convention Article 10(b) and § 308(1). In *Yamamoto v. Yamamoto*, 2007 NY Slip Op. 6525 (2007), the Appellate Division, First Department, ruled that the trial court properly denied plaintiff's request pursuant to CPLR § 308 (5) for an order directing that service on defendant be effectuated by service upon his attorneys in New York, because plaintiff had not shown that effecting personal service upon the defendant in Japan would be "impracticable." *Id*. at *1-2. The requirements of § 308 (5) have not been met.

Furthermore, plaintiffs have not shown that their proposed method of service satisfies Due Process. Plaintiffs argue that service upon the defendants through their employer Gelfman Inc. or through Gelfman Inc.'s counsel would provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," because the defendants are employed by Gelfman Inc., and as such it is probable that they received notice of this case from Gelfman Inc. Plaintiffs' Application p. 2 ("Application"). As evidence of such, plaintiffs cite an interview with Gelfman that was published in a large Russian-American newspaper[4] on June 11,

---

[4]The paper is called Novoye Russkoye Slovo.

2008, in which Gelfman discussed the lawsuit at length and stated that Anisimov and Krasnolozhkin were performers in his theater. Application at 5.  In addition, plaintiffs claim that numerous news reports in Russia and the United States concerning the lawsuit would likely have informed the defendants of the action. Application p. 6-7.  These conclusory claims that defendants must already have received notice of the action do not support a finding that serving the summons and complaint upon Gelfman Inc. or upon its counsel satisfies Due Process.  Plaintiffs do not allege that defendants are in close contact with Gelfman, Inc., or that Gelfman Inc. is likely to transmit the relevant materials to them.  Even if Anisimov and Krasnolozhkin have performed with Gelfman in the past, it is not clear that the parties are in contact presently or that they will be in contact at any point in the near future.

Plaintiffs cite three cases for support, each of which involves service upon an attorney.  *See Ehrenfeld v. Salim a Bin Mahfouz,* 2005 U.S. Dist. LEXIS 4741 (S.D.N.Y., 2005) (service on Saudi Arabian defendant permitted by service on attorneys in United States and United Kingdom because attorneys were in communication with the defendant); *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007 (9th Cir. 2002) (upholding alternative service by mail on an attorney who was representing defendant); *Gibson v. Salvatore*, 102 A.D.2d 861; 476 N.Y.S.2d 930 (App. Div.

2d Dept. 1984) (permitting service upon an attorney for the insurance company representing defendant in an automobile accident case). Unlike the attorneys in the cases relied upon by plaintiffs, Mr. Woods, counsel for Gelfman Inc., does not represent defendants Anisimov and Krasnolozhkin, nor have plaintiffs indicated that Mr. Woods has any particular relationship to defendants that would make him likely to apprise defendants of the action.

## Conclusion

For the reasons set forth above, plaintiff's request for alternative service of process is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:   Brooklyn, New York
         November 24, 2008

                        By  /s/ Charles P. Sifton (electronically signed)
                                United States District Judge