UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

Yuri Kuklachev, Dmitri Kuklachev,

                    Plaintiffs,

                                              08-CV-2214(CPS)(VVP)

          - against -

Mark Gelfman, Gelfman International          MEMORANDUM
Enterprises, Inc., Yanis Gelfman,            OPINION
Tribeca Performing Arts Center,              AND ORDER
Ticketmaster.com, Palace of Fine Arts,
Wilkins Theater at Kean University,
Onlineseats.com, John Hancock Hall,
Gwinnett Center, Napa Valley Opera
House, LA's Wilshire Ebell's Theater,
Seattle Repertory Theater, Dmitry
Krassotkine, Yuri Potoski, Michael
Zlotnikov, Andrew Yankovis, Stanislav
Nemoy, Vladimir Krasnolozhkin, and
Vladimir Anisimov,

                    Defendants.

------------------------------------X
SIFTON, Senior Judge

     Yuri Kuklachev and Dmitri Kuklachev commenced this action

against defendants Mark Gelfman, Gelfman International

Enterprises, Inc. ("Gelfman, Inc."), Yanis Gelfman (the

"Gelfmans"), various theater venues, various theater performers,

and Tribeca Performing Arts Center ("Tribeca"), on June 2, 2008.

Plaintiffs alleged trademark infringement under the Lanham Act, §

43(a), 15 U.S.C. § 1125(a), as well as other federal and state

law claims, in connection with allegedly infringing performances

involving cats that were conducted the Gelfmans. Now before the

Court is a motion for reconsideration pursuant to Local Rule 6.3

by Tribeca of my February 26, 2009 Memorandum Opinion and Order

("Opinion"), which granted the Gelfman defendants' motion to vacate the Clerk's entry of default against them on Tribeca's cross-claim for indemnification. For the reasons stated below, the motion for reconsideration is denied.

## Background

The following facts are taken from the record and the parties' submissions in connection with this motion.

Plaintiffs filed their complaint on June 2, 2008. On July 17, 2008, Tribeca answered the complaint and asserted cross-claims against the Gelfmans for contractual indemnification, common law indemnification, and contribution, based on a performance agreement between Tribeca and Gelfman, Inc., which provided for indemnification in the case of a lawsuit arising out of performances by the Gelfmans in Tribeca's venue.[1] The Gelfmans failed to timely answer or otherwise respond to the cross-claims by Tribeca. On October 30, 2008, Tribeca requested that a default be entered against the Gelfmans. On October 31, 2008, the Gelfmans answered Tribeca's cross-claims. On February 6, 2009, the Clerk entered a default in favor of Tribeca. On February 11, 2009, Tribeca joined a motion by co-defendant Tillinger's

---

[1]Tribeca's agreement with the Gelfmans included the following clause: "User agrees to indemnify and hold harmless [Tribeca] against all claims and demands resulting in a judgement, including liabilities for penalties and reasonable attorney's fees thereof arising out of use and occupancy of the scheduled event." Tribeca's Answer to Complaint, Ex. A, at § 10.1A.

Concierge for default judgment against the Gelfmans.

In a letter dated August 8, 2008, counsel for Gelfman, Inc. stated to counsel for Tribeca that Gelfman, Inc. would defend and indemnify Tribeca in the present lawsuit "pursuant to [the] agreement... without any reservation of rights." Letter to Tribeca, February 9, 2009, Attachment 1. The letter further stated that Gelfman, Inc. had filed a motion to dismiss, and requested that Tribeca's counsel forward a letter authorizing attorneys for Gelfman, Inc. to represent Tribeca in this case. *Id*. The claims were submitted to Gelfman, Inc.'s insurance carrier, but there has yet to be a final determination from the carrier as to coverage for the defendant venues. Letter from the Gelfmans, January 29, 2009 ("Gelfman Letter").

On February 26, 2009, I granted a motion by the Gelfmans to vacate the Clerk's entry of default against them, and correspondingly denied the motion by Tribeca for a default judgment against the Gelfmans. In reaching that conclusion, I examined the three factors considered by courts in determining whether to vacate the entry of default: "(i) the willfulness of the default, (ii) the prejudice to the adversary if the default is set aside, and (iii) whether the defendants present a meritorious defense," *Holford USA v. Harvey*, 169 F.R.D. 41, 44 (S.D.N.Y. 1996) (citing *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983)), and noted the strong policy in favor of resolving

disputes on their merits. I found that the Gelfmans' default had been willful, but that Tribeca had failed to show prejudice if the default were to be set aside and that the Gelfmans had presented a meritorious defense. Regarding the latter, I noted that Tribeca's agreement with the Gelfmans included a clause stating that the Gelfmans would indemnify and hold harmless Tribeca against all claims and demands "resulting in a judgment." Tribeca's Answer to Complaint, Ex. A, at § 10.1A. Therefore, because the agreement on its face only called for indemnification when a suit resulted in a judgment, the Gelfmans would not be liable if plaintiffs did not succeed in obtaining a judgment against Tribeca.

On March 10, 2009, Tribeca filed a notice of motion for reconsideration of the February 26, 2009 Opinion.[2]

## Discussion

### A. Standard

A motion for reconsideration pursuant to Local Rule 6.3 is appropriate in cases where a court "overlooked controlling decisions or factual matters that were put before it on the underlying motion" which, if examined, might reasonably lead to a

---

[2]Pursuant to Local Rule 6.3, a motion for reconsideration must be filed within 10 days after the Court's determination of the original motion. Pursuant to Federal Rules of Civil Procedure 6(a)(2), weekends and holidays are excluded from the computation of time when the time limit is less than 11 days. Therefore, although Tribeca's motion for reconsideration was submitted more than 10 days after my February 26, 2009 Opinion, it was not untimely.

different result. *Eisemann v. Greene*, 204 F.3d 393, 395 n.2 (2d Cir. 2000). In this vein, a court's misinterpretation or misapplication of relevant case law in its original decision is a ground for reconsideration. *See O'Brien v. Bd. of Educ. of Deer Park Union Free School Dist.*, 127 F. Supp. 2d 342, 346 (E.D.N.Y. 2001). Additionally, a motion for reconsideration is appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice. *See Doe v. New York City Dept. of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983).

Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Ades v. Deloitte & Touche*, 843 F. Supp. 888, 890 (S.D.N.Y. 1994). A Local Rule 6.3 motion is not to be used as a substitute for appeal. *See Morser v. A.T. & T. Information Systems*, 715 F. Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F. Supp. 1547, 1548 (S.D.N.Y. 1986). In its motion for reconsideration, a party may not "advance new facts, issues, or arguments not previously presented to the Court." *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quotation omitted). The decision to grant or deny a motion for reargument is within the sound discretion of the District Court. *See Devlin v. Transp. Comm'ns Union*, 175 F.3d 121, 132 (2d Cir. 1999).

## B. Tribeca's Claims of Error

Tribeca argues that the Gelfmans do not have a meritorious defense to the default, because although the agreement stated that the Gelfmans would indemnify only in suits resulting in a judgment against Tribeca, the letter from Gelfman Inc.'s counsel to Tribeca on August 8, 2008 changed the substance of the agreement to include indemnification for all claims, regardless of the outcome. Tribeca argues that my prior decision failed to properly apply the rule that a litigant is bound by the acts of his lawyer, which, Tribeca asserts, would have resulted in a finding that the Gelfmans did not have a meritorious defense to the indemnification claim.[3] Tribeca could have presented the argument that the Gelfmans were bound to indemnify even in the absence of a judgment by the statements of their attorney in its opposition to the Gelfmans' motion to vacate the default, but did not do so.[4] Therefore, it is an inappropriate ground for a motion

---

[3]In my prior decision, I reviewed the contents of the letter, but did not consider whether the statement by counsel for Gelfman, Inc. created additional obligations over and above the performance agreement between the parties.

[4]In its opposition, Tribeca quoted the letter from Gelfman, Inc.'s counsel regarding the agreement to indemnify Tribeca "without any reservation of rights," and stated that "Counsel's statement is consistent with Gelfman's contractual obligations to Tribeca." Letter Opposition to Motion to Vacate Default, dated February 9, 2009. In a subsequent letter, Tribeca stated that counsel to the Gelfmans was attempting to "reneg on the indemnification undertaking confirmed by prior counsel or reford." Letter Response Further Opposing Motion to Vacate Default, dated February 11, 2009. These statements give no indication that Tribeca believed that counsel's letter extended the indemnification agreement beyond the bounds of the original written agreement. In its reply, Tribeca describes how the letter from the Gelfmans "clearly states" that the Gelfmans would indemnify Tribeca "without any reseveration of rights." However, the meaning of this phrase is entirely unclear; Tribeca's

for reconsideration.

Tribeca next argues that there is legal authority supporting its claim that it will suffer prejudice if the default is vacated, due to its having to pay ongoing legal fees, citing an unreported 2004 case.[5] Tribeca did not previously present this authority, although it had the opportunity to do so. Therefore, this is not an appropriate ground for a motion for reconsideration.

Tribeca having failed to offer any proper grounds for reconsideration, the motion is denied.

## Conclusion

For the reasons stated herein, the motion by Tribeca for reconsideration of my February 26, 2009 opinion is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

---

reference to the phrase alone in its letters to the court without a suggestion as to its meaning is insufficient to raise the issue.

[5]In my previous opinion, I noted that Tribeca and co-defendant Tillinger's had failed to identify legal authority for their claims that they would suffer prejudice if the defaults against the Gelfmans were vacated. The case now cited by Tribeca in support of its position is *Fubon Ins. v China Express Co.*, 2004 U.S. Dist LEXIS 2475, at *13 (S.D.N.Y. February 17, 2004). *Fubon Insurance* provides no explanation for its finding that ongoing litigation fees constitute prejudice for party seeking another party's default, nor does the case address the factors usually considered when determining if there is prejudice. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Thus, even if I were to take account of *Fubon Insurance* on reconsideration, despite the fact that it was not previously cited, I would be unpersuaded that ongoing litigation expenses amount to prejudice for the purpose of calculating whether to vacate a default.

SO ORDERED.

Dated:     Brooklyn, New York
           April 7, 2009

                    By: <u>/s/ Charles P. Sifton (electronically signed)</u>
                              United States District Judge