UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YURI KUKLACHEV, et al.,

                Plaintiffs,        **MEMORANDUM ORDER**

     - v -

                                              CV-08-2214 (DLI)(VVP)

MARK GELFMAN, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

The plaintiffs have moved for the entry of a default as to the defendant Yanis Gelfman. Before Yanis Gelfman responded to the motion, the clerk of the court docketed an Entry of Default. Thus, Yanis Gelfman responded to the motion by moving to set aside the Entry of Default and to obtain an extension of time to file an amended answer. See Dkt. Ent. 379. The motions have been referred to me by Judge Irizarry.[1] For the reasons below, the plaintiffs' motion for the Entry of Default is DENIED as moot, and the defendant's motions to set aside the Entry of Default and for additional time to file an answer are GRANTED.

Defaults are addressed in Rule 55 of the Federal Rules of Civil Procedure. Rule 55(a) requires that the clerk of court enter a default when a party fails to answer or otherwise respond to a complaint. Rule 55(c), however, permits the court to set aside an entry of default for good cause. Determining "good cause" requires an examination of

---

[1]To be precise, Judge Irizarry referred the plaintiffs' motion for the entry of default to me on the same day that the clerk of court recorded the Entry of Default. See docket entries dated 01/27/2010. As the ensuing motions by the defendant to vacate the Entry of Default and for additional time to serve an answer to the amended complaint are essentially the defendant's opposition to the plaintiffs' motion, I am construing Judge Irizarry's referral order to apply to all of the motions.

three factors: (1) the wilfulness of the default, (2) the existence of a meritorious defense, and (3) the degree of prejudice that may be suffered by the defaulter's adversary. *See, e.g., Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001) (*citing See Commercial Bank of Kuwait v. Rafidain Bank*, 15 F.3d 238, 243 (2d Cir. 1994). The overriding principle governing defaults, however, is that, "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (*citing Davis v. Musler*, 713 F.2d 907, 915 (2d Cir.1983)). Thus, the phrase "good cause" must be construed generously, *id.*, and this is particularly true where, as here, the defendant is acting *pro se*. "Thus, as a general matter, 'a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing pro se.'" *Roberts v. Keith*, No. 04 Civ. 10079, 2007 WL 2712853, at *2 (S.D.N.Y. Sept. 18, 2007) (*quoting Enron*, 10 F.3d at 96).

The facts here strongly favor setting aside the default and permitting the defendant to file an answer. The defendant – along with his father, Mark Gelfman, and Gelfman International Enterprises, Inc., a company owned by his father and mother – (collectively "the Gelfmans") were initially represented in this action by two firms – Bond, Schoenech & King, which was assigned by an insurance carrier, and Woods & Associates, P.C., which was separately retained by the Gelfmans in view of the fact that the carrier was examining whether to disclaim coverage. The complaint, which named

numerous defendants aside from the Gelfmans, sparked extensive motion practice by virtually all of the various defendants. Among the motions were a motion to dismiss and a motion for summary judgment or for judgment on the pleadings made by the defendant Yanis Gelfman. See Dkt. Ents. 12, 213. Yanis Gelfman, by his attorneys, participated vigorously throughout the motion practice both in prosecuting the motions he made and in defending against motions made by the plaintiffs and other co-defendants.[2] When the Gelfmans' motion to dismiss was granted in part and denied in part, see Dkt. Ent. 252, an answer to the original complaint was promptly filed by all of the Gelfmans including Yanis. See Dkt. Ent. 266. Shortly thereafter, however, the court granted Yanis Gelfman's separate motion for judgment on the pleadings, thus terminating the action as to him (but not as to his father and Gelfman International), but also granted leave to the plaintiffs to replead an amended complaint against him. See Dkt. Ent. 281.

After the complaint was dismissed as to Yanis Gelfman, but before a repleaded complaint was filed, his father and Gelfman International filed an amended answer to the original complaint. See Dkt. Ent. 284. The plaintiffs then filed an amended complaint which contained additional allegations as to the defendant Yanis Gelfman in order to overcome the deficiencies in the initial complaint. See Dkt. Ent. 293. It is this

---

[2]Among the motions was a motion for a preliminary injunction against the Gelfmans, which was granted. Dkt. Ents. 157, 158.

amended complaint which Yanis Gelfman has not yet answered and which provided the basis for the plaintiffs' motion for the entry of default.

At the time that the amended complaint was filed, Yanis Gelfman and his family were still represented by the two sets of attorneys who had represented them throughout the action to that point. Procedurally, the matter had been referred to mediation by court order. Although the mediation achieved some success in resolving claims against a number of the defendants, it failed to achieve a complete resolution of the action as to the Gelfmans. At or about the time that mediation efforts concluded, the Bond, Schoeneck firm filed a motion to withdraw as counsel for the Gelfmans because the insurer had disclaimed coverage and would not be funding the defense. See Dkt. Ent. 333. The Gelfmans, who were still represented by the Woods firm, did not oppose the motion and it was granted. See Dkt. Ent. dated 8/10/2009. Shortly thereafter, however, the Woods firm too sought leave to withdraw. See Dkt. Ent. 365. This motion also was not opposed by the Gelfmans and it was granted. See Dkt. Ent. 367.

At this point, no answer had yet been filed by Yanis Gelfman to the amended complaint. There is no indication, however, that Yanis Gelfman was personally aware of the deficiency. His former attorney, James Woods, Esq., has filed an affirmation in which he states that he was under the mistaken belief that the Bond Schoeneck firm had filed an answer for Yanis Gelfman and would have filed an answer on his behalf if he had known otherwise. This assertion is supported by the fact that Woods did file an

answer on behalf of two other defendants who had been dismissed along with Yanis Gelfman. Woods also asserts that prior to being relieved in November 2009 he had not been given any indication by the plaintiffs that an answer had not been filed by Yanis Gelfman. Although this assertion is belied by an e-mail dated October 15, 2009 addressed to Woods by the plaintiffs' counsel indicating the absence of an answer for Yanis, there is nothing to indicate that Yanis Gelfman was ever apprised of the e-mail. Given the brevity of the e-mail and the absence of any other such communications between the plaintiffs' counsel and counsel for the Gelfmans, coupled with the vigor with which the Gelfmans had been litigating their defense, there was clearly little reason to believe that Yanis Gelfman had any intention to ignore the plaintiffs' claims. In light of the other activity in the case, which was extensive, it is likely that the matter simply slipped Woods' mind. In any event, when Woods was permitted to withdraw in November 2009, no further mention of the absence of an answer was made until the instant motion for entry of default was filed in January. In the circumstances, Yanis Gelfman's failure to file an answer was clearly not wilful.

As to whether he has a meritorious defense, the mere fact that the original complaint was dismissed as to him suggests that the proof against him is not particularly strong. Moreover, he asserts that his role in the enterprise that gives rise to the plaintiffs' claims was limited to managing logistics, and that he had no involvement in creating the performances at issue or the publicity for them. Whether this will serve as a complete defense to all of the plaintiffs' claims is not clear, but he clearly disputes

the plaintiffs' claims and will be able to provide his own testimony to substantiate his version of the facts.

Finally, the only prejudice the plaintiffs are able to identify is a "stalling" of the proceedings. Whatever delays have occurred, however, are not a product of Yanis Gelfman's failure to file an answer. Discovery has proceeded, albeit fitfully primarily because the Gelfmans are now unrepresented and discovery involving *pro se* defendants is always more cumbersome and time-consuming. Indeed, any delay is attributable more to the plaintiffs' insistence on pursuing this default against a defendant who has actively litigated the matter and gives every indication he will continue to do so. The court finds simply no reason to grant a default as to Yanis Gelfman or to deny him the opportunity to file an answer.

For the foregoing reasons, the plaintiffs' motion for the entry of a default is DENIED as moot, the defendant Yanis Gelfman's motion to set aside the entry of default is GRANTED, and the defendant Yanis Gelfman's motion for time to answer is GRANTED. The defendant Yanis Gelfman is permitted additional time until June 22, 2010 to file an answer to the amended complaint with the clerk of the court and to serve it on the plaintiffs.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 2, 2010